# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CRISTY COLLIER, FREDDY RODRIGUEZ, ANGELA WAGNER <br><br> v. <br><br> CAREPLUS HEALTH SERVICES, INC., ANIL JOSEPH | § <br> § <br> § Civil Action No. 4:16-CV-00178 <br> § Judge Mazzant <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Certification (Dkt. #17). After reviewing the motion and the pleadings, the Court finds that Plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs are Licensed Vocational Nurses ("Field LVNs") who were employed by Defendant Careplus Health Services, Inc. ("Careplus"). Defendant Anil Joseph ("Joseph") is the president of Careplus, is responsible for the day-to-day operations of Careplus, and exercised control over the work Plaintiffs performed.

Plaintiffs' primary job duties as Field LVNs included traveling to patients' homes and providing patients with nursing care. Plaintiffs allege that they and other Field LVNs often worked more than forty hours in a week and did not receive overtime compensation for such time. Plaintiffs further allege that the software Defendants used to track Field LVN time did not accurately record all time Field LVNs spent providing care. Defendants do not allege that Plaintiffs were classified as employees exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

Defendants compensated Field LVNs in the following ways: on a salary basis, on a per visit basis consisting of a set amount of pay for each patient visit, on a salary plus "points" basis,

or on a points only basis. Individuals paid on a "points" basis received one point for each in-home visit and were paid a certain dollar amount for each point received. Plaintiff Christy Collier ("Collier") was paid on a salary plus points basis. Collier stated that she worked approximately sixty to seventy hours a week but was not paid overtime compensation at any point during her employment. Plaintiff Freddy Rodriguez ("Rodriguez") was paid on a salary basis and at the end of his employment was "paid as a 1099 contractor" (Dkt. #19, Exhibit A–2, at p. 13). Rodriguez stated that he worked between fifty-five and sixty hours a week but was not paid overtime compensation at any point during his employment. Careplus allegedly told Rodriguez that he was not entitled to overtime pay because it paid him on a salary basis. Plaintiff Angela Wagner ("Wagner") worked on a per visit basis and on a salary basis. Wagner stated that at times she worked up to sixty hours per week but was not paid overtime compensation at any point during her employment. Opt-in Plaintiff Paulette Whiteside ("Whiteside") was paid on a points basis. Whiteside stated that she worked more than forty hours per week on multiple occasions but was not paid overtime compensation.

Collier, Rodriguez, Wagner, and Whiteside all stated that at there are other Field LVNs who were not paid overtime compensation. Defendants terminated Collier and Rodriguez's employment in March 2016 after Plaintiffs filed their original complaint.

On March 30, 2016, Plaintiffs filed an amended complaint (Dkt. #5). On April 18, 2016, Defendants filed an answer to the amended complaint (Dkt. #8). Plaintiffs filed the pending motion for conditional certification on July 14, 2016 (Dkt. #17). That same day, Defendants filed a response (Dkt. #19).

**LEGAL STANDARD**

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) of the FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated" for violations of the FLSA. 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011).

While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, No. 4:11-CV-224, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012) *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012); *Villatoro v. Kim Son Rest, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). "The *Lusardi* two-stage approach is the prevailing standard among federal courts." *Tice*, 826 F. Supp. 2d at 994 (citations omitted). This Court has applied the *Lusardi* approach in a number of other cases. *See Halleen v. Belk, Inc.*, No. 4:16-CV-00055, 2016 WL 5118646, at *2 (E.D. Tex. Sept. 21, 2016); *Miranda v. Mahard Egg Farm, Inc.*, No. 4:15-CV-406, 2016 WL 1704861, at *1 (E.D. Tex. Apr. 28, 2016); *Stier v. Great Plains Nat'l Bank*, No. 4:15-CV-519, 2016 WL 1572194, at *1 (E.D. Tex. Apr. 19, 2016). As such, the Court will apply the *Lusardi* approach in this case.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Because the Court has minimal evidence before it at this stage, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, No. 2:06-CV-158 (TJW), 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413-TH, 2009 WL 2216593, at *3 (E.D. Tex. July 23, 2009).

## ANALYSIS

Defendants contend that collective treatment is not appropriate because each Field LVN's schedule varied based on the "location of the patient, the type of treatment required, the day of the week or the time of the treatment, whether the patient required a LVN who spoke a foreign language, and the individual LVN patient caseload for that day or week." However, this case is in the first stage under *Lusardi*. At this stage, "Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs." *Cripe*, 2012 WL 947455, at *2. This does not mean that their positions must be identical. "The court need not find

4

uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)]." *Tice*, 826 F. Supp. 2d at 995-96. Rather, "the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices." *Id.* at 996. "[Plaintiffs] need only show that their positions are similar to the potential plaintiffs." *Id.* at 995.

Here, Plaintiffs have submitted sufficient evidence that each of their primary duties involved traveling to a patient's house and providing nursing care. Plaintiffs performed the same basic tasks and are thus similarly situated, even if the time at which Plaintiffs provided nursing care or the language in which Plaintiffs spoke to patients differed. Plaintiff's positions do not need to be identical for the Court to conditionally certify the class.

Defendants next argue that Plaintiffs are not similarly situated because Plaintiffs are paid differently and some worked full-time while others worked part-time. However, Plaintiffs allege that they each often worked over forty hours a week and were not paid overtime compensation at any point during their employment. Plaintiffs also allege that they are aware of other Field LVNs who were not paid overtime compensation. Plaintiffs have satisfied the fairly lenient *Lusardi* standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan. Plaintiffs here sufficiently alleged that they were victims of a similar plan under which they did not receive overtime compensation. *See Williams v Grayco*, 187 F. Supp. 3d 760 (S.D. Tex. 2016) (granting conditional certification where Plaintiffs were all paid under "the same overall scheme" even though some employees were classified differently and Defendants alleged there was no uniform pay policy); *Tice*, 826 F. Supp. 2d at 996 (granting conditional certification where all Plaintiffs claimed that they were required to work overtime without appropriate compensation); *Foraker v. Highpoint Sw., Servs., L.P.*, No. CIV.A.

H-06-1856, 2006 WL 2585047, at *4 (S.D. Tex. Sept. 7, 2006) (granting conditional certification because "Plaintiffs' claim [was] fundamentally that they routinely worked in excess of forty hours per week, that they did not receive any overtime pay, and that [Defendant's] practice or policy of failing to pay overtime affected the proposed class members in exactly the same way.").

## CONCLUSION

The Court finds that Plaintiffs have come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members. It is therefore ORDERED that Plaintiffs' Motion for Conditional Certification (Dkt. #17) is hereby GRANTED.

It is further ORDERED, ADJUDGED AND DECREED that the Court conditionally certifies a class of Defendant's current and former employees that is described as follows and referred to herein as the "Workers":

> All Field LVNs employed by Careplus Health Services, Inc. and Anil Joseph from March 30, 2013 to the Present.

It is further ORDERED, ADJUDGED AND DECREED that the Notice and Consent to Join Form (the "Notice") presented to the Court as Exhibit 1 to Docket #18 is conditionally approved, subject to Plaintiffs' insertion of the appropriate dates. Notice shall be issued by Plaintiffs' counsel to the Field LVNs identified by Defendants in response to discovery (Dkt. #18, Exhibit 2) within seven (7) days of the entry of this Order. Such Notice shall be mailed on one occasion by first-class mail. The mailing shall include the relevant forms and a return-addressed stamped envelope. Plaintiffs' counsel may also disseminate the forms by email. Defendants shall post the Notice in a conspicuous place at Defendants' facility for a period of sixty (60) days commencing on the date of initial mailing of the Notice.

Any Notice returned to Plaintiffs' counsel by the Workers shall be filed within sixty (60) days of the date of initial mailing of the Notice. If such list is sent piecemeal, the sixty (60) days

shall begin to run on the date that the last address or other identifying information is sent by Defendant to Plaintiffs' counsel.

**SIGNED this 1st day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE